### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZAIM ASLLANI,<br><br>Plaintiff,<br><br>v.<br><br>S.H. GENERAL CONTRACTING, LLC (d/b/a S-H GENERAL CONTRACTING CORP.) and SAMIR HOTI,<br><br>Defendants. | Docket No. 19 Civ 1106 (    )<br><br>ECF Case<br><br><br>**COMPLAINT** |

Plaintiff Zaim Asllani, by his attorneys, Rasco Klock Perez & Nieto, LLC, as and for his Complaint, alleges as follows.

### PRELIMINARY STATEMENT

1.     Plaintiff brings this action seeking unpaid wages, including unpaid overtime compensation and interest thereon, reimbursement for unlawful deductions, liquidated damages and other penalties, and attorneys' fees and costs, under, *inter alia*, the Fair Labor Standards Act ("FLSA") §§ 6 and 7, 29 U.S.C. §§ 206 and 207.

2.     This action further invokes the supplemental jurisdiction of this Court to with respect to claims arising under New York Labor Law ("NYLL") (e.g., New York Wage Payment Act; NY Labor Law §§ 191, 193, 195).

3.     Defendant S.H. General Contracting, LLC ("SHGC") is a general contractor. Plaintiff Zaim Asllani ("Asllani") was employed by SHGC as a construction worker.  SHGC is owned by Defendant Samir Hoti ("Hoti").  Mr. Hoti deliberately required Mr. Zaim to work for SHGC in excess of forty (40) hours per week, at rates of pay that were, at times, below minimum wage (indeed for no wage at all), and without paying him overtime compensation as required by the FLSA and NYLL.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction of this action pursuant to the provisions of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 et seq., including under 29 U.S.C. §§ 207, 216, and 217.  This Court also has jurisdiction in light of the existence of a controversy arising under the laws of the United States (28 U.S.C. §1331) and supplemental jurisdiction to consider claims arising under New York State law, pursuant to 28 U.S.C. §1367.

5.      Venue as to Defendants is proper in this judicial district, pursuant to 28 U.S.C. §1391.  Defendants transact business in the Southern District and are otherwise within this Court's jurisdiction for purposes of service of process.  Defendant Hoti operates SHGC and employed Plaintiff in this judicial district.

6.      This Court has personal jurisdiction over the Defendants pursuant to New York Civil Practice Law and Rules § 301, in that, *inter alia*, Defendants reside and/or transact business within this State, employed Plaintiff within the State of New York, and otherwise engaged in conduct that allows for the exercise of jurisdiction as permitted by the Constitution of the United States and the law of the State of New York.

## THE PARTIES

7.      Plaintiff Zaim Asllani is an adult, natural person who resides in New York City, New York.  Mr. Asllani is an Albanian citizen legally residing in the United States.  Mr. Asllani speaks little to no English.

8.      Upon information and belief, and at all times herein relevant, SHGC is a New York limited liability company doing business in New York, with a principal place of business located at 460 East 115th Street, #3R, New York, NY 10029.  SHGC is a general contractor which, among other things, performs commercial and residential renovations.  SHGC claims that it performs electrical, plumbing, fire alarm, sprinkler, carpentry painting, wallpaper, and flooring work, as well as building maintenance.

9.      On its website, the SHGC describes itself as "an innovative General Contracting

2

Company" whose work spans "apartments to homes, buildings to new construction, residential to commercial properties." (http://sh-gc.com/) (accessed on January 25, 2019). It further claims to have performed work for, among other well-known businesses, Thor Equities, the Hugo Hotel, and CASSA Hotel and Residences. (http://sh-gc.com/OurClients.htm) (accessed on January 25, 2019).

      10.    Samir Hoti, upon information and belief, is the sole owner of SHGC. Mr. Hoti has sole authority with respect to decisions concerning compensation, hours worked, and all other aspects of employment with respect to SHGC's employees.

### **FACTS**

      11.    Mr. Asllani was employed by SHGC as a construction worker and laborer at multiple building worksites where SHGC had been engaged to perform work.

      12.    Among the buildings where Mr. Asllani performed construction and renovation work and labor for SHGC include 535 Fifth Avenue, New York, NY, 90 Washington Street, New York, NY, 260 West 54th Street, New York, NY, and 166 Mott Street, New York, NY.

      13.    SHGC employed Mr. Asllani from approximately late January 2018 through May 11, 2018. On May 11, 2018, Mr. Asllani terminated his employment because, at the time, SHGC refused to pay him for his work.

      14.    Mr. Asllani's routine responsibilities included, among other things, carpentry, painting, flooring, and demolition.

      15.    Under the original terms of Mr. Asllani's employment, he was to be paid $200 per day for eight hours of work each day. Approximately two weeks after Ms. Asllani commenced his employment, SHGC increased his compensation to $220 per day for eight hours of work each day. SHGC, however, often required Mr. Asllani to work as many as 60 hours per week (including every Saturday and two or three Sundays), and often more than eight hours per day (even as many as 14 hours per day).

      16.    During the entire period of his employment, SHGC refused to pay, and unlawfully deprived Mr. Asllani of, overtime compensation.

17.     At times, Mr. Asllani was required to purchase materials necessary for SHGC construction projects on which he was working, without reimbursement.

18.     SHGC failed to pay Mr. Asllani for at least 176 hours of work, overtime pay (which was never paid), an additional hour each day worked for violation of the "spread of hours rule," as well as reimbursement for construction materials which he was required to purchase on behalf of the company.

19.     SHGC never provided Mr. Asllani with written notices, in English and in Albanian (Plaintiffs' primary language), of his rate of pay, regular pay day, and other information as required by law.

20.     Mr. Asllani was paid by a check issued on the bank account of SHGC.  No other paperwork (such as a pay stub) accompanied the checks, such as a wage statement.

21.     The payment of wages owed to Mr. Asllani were chronically late.

22.     In addition, SHGC classified Mr. Asllani as an independent contractor, although he was an employee.  As a result, SHGC failed to make legally required deductions and contributions, including Social Security, Medicare, unemployment taxes and federal/state withholdings.

23.     At all relevant times, SHGC employed Mr. Asllani within the meaning of the FLSA.

24.     At all relevant times, SHGC employed Mr. Asllani within the meaning of the NYLL.

25.     Upon information and belief, at all relevant times, SHGC has had annual gross revenues in excess of $500,000.00.

## AS AND FOR A FIRST CAUSE OF ACTION
### (FLSA Overtime Wage Violations, 29 U.S.C. §§ 201 *et seq*).

26.     Mr. Asllani incorporates each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

27.     At all relevant times hereto, the Defendants have been employers engaged in commerce, as defined under 29 U.S.C. § 203(b) and (d).  Defendants employed Mr. Asllani in a position which engaged the employees in commerce, as defined under 29 U.S.C. §§ 203(b), (e),

(g) and 29 U.S.C. § 207(a)(1).  At all times relevant hereto, Defendants have been an "enterprise engaged in commerce or in the production of goods for commerce," as defined under 29 U.S.C. § 203(s)(1).

28.     In the performance of his duties for Defendants, Mr. Asllani worked substantially more than forty (40) hours per week, yet did not receive any overtime compensation for the work, labor and services he provided to Defendants, as required by the FLSA, 29 U.S.C. §§ 206 and 207. The precise number of unpaid overtime hours will be proven at trial.

29.     Defendants' violations of the FLSA were willful violations of the FLSA, within the meaning of 29 U.S.C. § 255(a).

30.     As a result of the foregoing, Mr. Asllani seeks judgment against Defendants for all unpaid wages, including overtime wages owed by Defendants to Plaintiff, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
### (New York Labor Law – Overtime Wages)

31.     Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

32.     The overtime wage provisions of the NYLL, including Article 19, and its supporting regulations, apply to Defendants and Plaintiff.

33.     Defendants willfully failed to pay Plaintiff for all of the hours that they worked in excess of 40 hours in a workweek.

34.     Defendants willfully failed to pay Plaintiff premium overtime at a rate of time and one-half their regular hourly rate for all hours worked in excess of 40 hours per workweek.

35.     Defendants willfully failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff.

36.     As a result of Defendants' knowing or intentional failure to pay Plaintiffs overtime wages for hours worked in excess of 40 hours per workweek, Plaintiffs are entitled to

compensation unpaid overtime, liquidated damages, attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### AS AND FOR A THIRD CAUSE OF ACTION
**(Illegal Deductions, New York Labor Law, Article 19 § 193 12 N.Y.C.R.R. § 2.10(a))**

37.    Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

38.    In violation of the New York Labor Law, Article 19, § 193, Defendants unlawfully deducted wages from Plaintiff, including *inter alia*, deductions by requiring him to spend his own money on work-related expenses.

### AS AND FOR A FOURTH CAUSE OF ACTION
**(Wage Statement Violations)**

39.    Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

40.    Defendants willfully failed to provide Plaintiff with written notices, in English and in Albanian (Plaintiffs' primary language), of his rate of pay, regular pay day, and other information as required by NYLL § 195(3) and/or 198(1-b).

41.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants one hundred dollars ($100) for each work week that the violations occurred, or a total of twenty-five hundred ($2,500) dollars, as provided for by the NYLL §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

### AS AND FOR A FIFTH CAUSE OF ACTION
**(FLSA Wage Violations, 29 U.S.C. §§ 201 *et seq*).**

42.    Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

43.    Defendants failed to pay Mr. Asllani for 176 hours of work.

44.    As a result of the foregoing, Mr. Asllani seeks judgment against Defendants for all

unpaid wages, including overtime wages owed by Defendants to Plaintiff, together with an award of an additional equal amount as liquidated damages, and costs, interest, and reasonable attorneys' fees, as provided for under 29 U.S.C. § 216(b).

## AS AND FOR A SIXTH CAUSE OF ACTION
### (New York Labor Law – Non-Payment of Wages)

45.     Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

46.     Defendants failed to pay Mr. Asllani for at least 176 hours of work and an additional one hour's pay for each day he worked was greater than ten hours.

47.     As a result of the foregoing, Mr. Asllani seeks Plaintiffs judgment against Defendants for all unpaid wages, liquidated damages, attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## RELIEF SOUGHT

**WHEREFORE,** the Plaintiff respectfully requests that the Court grant the following relief:

A.      That the Court declare, adjudge and decree that Defendants violated the wage and overtime provisions of the FLSA and NYLL as to Plaintiff;

B.      That the Court make an award to Plaintiff of damages and/or restitution for the amount of unpaid compensation, unpaid overtime compensation, including interest thereon, and statutory penalties in an amount to be proven at trial, as well as liquidated damages.

C.      That the Court make an award to the reimbursement for all unlawful deductions, including costs that Plaintiff incurred to purchase construction materials .

D.      An award of statutory damages for Defendants' failure to provide Plaintiff with statements and information required by NYLL § 198(1-b) and (1-d) and NYLL § 195(3).

E.      For pre-judgment and post-judgment interest on the amount of any and all damages, at the prevailing legal rate, to the fullest extent allowed by law;

F.      For attorneys' fees and expenses of this action, pursuant to 29 U.S.C. § 216(b), New

7

York Labor Law and as otherwise provided by law; and

      G.     Such other relief as this Court deems just and proper.

<strong><u>JURY DEMAND</u></strong>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.


Dated: New York, NY
February 5, 2019

               **RASCO KLOCK PEREZ & NIETO, LLC**


               By: _____

                   Blaine Bortnick
                   555 Fifth Avenue
                   17th Floor
                   New York, NY 10017
                   (305) 476-7100

                   *Attorneys for Plaintiff*