UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
                                                             :
ZAIM ASLLANI,                                                :
                                                             :
                           Plaintiff,                        :
                                                             :
           - against -                                       :
                                                             :
SAMIR HOTI and S.H. GENERAL                                  :
CONTRACTING, LLC (d/b/a S-H                                  :
GENERAL CONTRACTING CORP.),                                  :
                                                             :
                           Defendants.                       :
-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___3/31/2020___

19 Civ. 1106 (PGG) (RWL)

**REPORT AND RECOMMENDATION
TO THE HON. PAUL G. GARDEPHE:
<u>DAMAGES INQUEST</u>**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

Plaintiff Zaim Asllani ("Asllani" or "Plaintiff") seeks compensatory damages, liquidated damages, statutory penalties, attorneys' fees, costs and pre-judgment interest from Defendants for violations of the Fair Labor Standards Act (the "FLSA") and New York Labor Law (the "NYLL"). Defendants defaulted by failure to appear, and the matter has been referred to the undersigned for an inquest on Plaintiff's damages. Following a review of Plaintiff's submissions and the record in this matter, I recommend awarding Plaintiff's damages in the amounts as determined below for unpaid wages, unpaid overtime wages, unpaid "spread of hours" pay, unreimbursed purchase of trade materials, statutory damages, pre-judgment interest, attorneys' fees, and costs.

## Procedural Background

Plaintiff commenced this action by filing the Complaint on February 5, 2019. (Dkt. 1.) On April 17, 2019, Plaintiff filed affidavits of service confirming service of the summons and complaint on the Defendants. (Dkt. 10-11.) Defendants did not answer the Complaint or otherwise appear.

On October 10, 2019, the Clerk of Court entered certificates of Defendants' default. (Dkt. 19-20.)  Plaintiff then filed a motion for default judgment on November 18, 2019. (Dkt. 22.)  The Honorable Paul G. Gardephe, U.S.D.J., granted Plaintiff's motion on December 13, 2019, and referred the matter to the undersigned for an inquest on damages.  (Dkt. 28, the "Default Judgment Order.")  Pursuant to this Court's scheduling order for the inquest (Dkt. 29), Plaintiff filed Proposed Findings of Fact ("FF") and Conclusions of Law (Dkt. 32, 39),[1] as well as supporting declarations from Plaintiff and Plaintiff's counsel.[2]  Having reviewed Plaintiff's submission, the Court sought additional specificity from Plaintiff about the hours he worked and monies he received each week from Defendants.  (Dkt. 36.)  On March 5, 2020, Plaintiff complied, filing a second declaration concerning his hours and rate of pay.  (Dkt. 40, Declaration of Zaim Asslani, dated March 3, 2020 ("Pl. Decl. II").)  Defendants filed no response to the Court's orders regarding default judgment.

The Court finds Plaintiff's submissions sufficient to determine damages without the need for a hearing.[3]

---

[1] Plaintiff initially filed Findings of Fact and Conclusions of Law without signature of counsel.  (Dkt. 32.)  In response to the Court's directive to cure that deficiency, Plaintiff later filed a signed version of the same document.  (Dkt. 39.)

[2] The declarations are that of Zaim Asslani dated October 28, 2019 (Dkt. 34, "Pl. Decl. I") and Plaintiff's counsel, Blaine H. Bortnick dated October 29, 2019 (Dkt. 33, "Bortnick Decl.").

[3] To assess whether a plaintiff has articulated a sufficient basis for damages, a court has the discretion, but is not required, to hold a hearing to determine the amount of damages that should be awarded on a default.  *See* Fed. R. Civ. P. 55(b)(2); *Fustok v. ContiCommodity Services, Inc.,* 873 F.2d 38, 40 (2d Cir. 1989).

**Facts**

Because liability has already been adjudicated by default, the Court will only briefly recount the relevant facts.[4]

From January 22, 2018 to May 11, 2018, Plaintiff was employed by Defendant S.H. General Contracting, LLC ("SHGC") as a construction worker and laborer at multiple building sites.  (FF ¶¶ 1, 4.)  Defendant Samir Hoti ("Hoti") is the sole owner of SHGC and has sole authority with respect to decisions concerning compensation, hours worked, and all other aspects of employment with respect to SHGC's employees.  (FF ¶ 2.)  During the entirety of his employment with Defendants, Plaintiff was not paid any overtime compensation despite having worked overtime on a consistent basis.  (FF ¶¶ 6-7.)

For the first two weeks of his employment (January 22 – February 4, 2018), Plaintiff received $200 per day for what was supposed to be an eight-hour day, five days a week, for forty hours per week.  (FF ¶ 6; Pl. Decl. I ¶ 4.)  In fact, Plaintiff worked more than forty hours each week.  (Pl. Decl. II ¶ 4(a)-(c).)  Plaintiff estimates that he worked a total of 22 hours of overtime for which he was not compensated during those two weeks.  (Pl. Decl. II ¶ 4(b).)

For the last two weeks of his employment (April 29 – May 11, 2018), Plaintiff was supposed to have been paid $220 per eight-hour day.  (Pl. Decl. I ¶ 4.)  However, he was not paid at all for those two weeks.  (Pl. Decl. II ¶ 4(a).)  The first week he worked six days, ten hours a day, and the second week, he worked five days, ten hours per day.

---

[4] The facts are drawn from the Complaint and supporting declarations, as well as the FF, which in turn cite to those same sources.  As the Court will address below, where, as here, a defendant has defaulted on liability, the facts alleged in the complaint must be accepted as true except those relating to the amount of damages.  *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

(*Id.*)   In total, Plaintiff worked a total of 50 hours during the last two weeks of his employment, for which he was not compensated at all.   (*Id.*)

During the interim period of his employment (February 5 – April 28, 2018), Plaintiff was paid at a rate of $220 per eight-hour day.  (Pl. Dec. II ¶ 4(c).)  Plaintiff is certain he worked more than forty hours each of those weeks, his best estimate being that he worked a total of 44 hours of uncompensated overtime during that period.  (*Id.*)

In total, Defendants failed to pay Plaintiff at all for 50 hours work, and failed to pay overtime for an additional 126 hours of work.  Plaintiff's estimates are conservative, but he is certain that he worked at least that number of hours.  (Pl. Decl. II ¶ 4.)  Plaintiff also spent $181.76 on construction materials for which he was not compensated.  (FF ¶ 9; Pl. Decl. II ¶ 3.)

Defendants never provided Plaintiff with written notices of his rate of pay, regular rate of pay, and the like.  (FF ¶ 10.)  Plaintiff was paid by check but received no other paperwork such as a pay stub or wage statement.  (FF ¶ 11.)  Plaintiff does not have any records reflecting the number of hours he worked on which days for which weeks.  (Pl. Decl. II ¶ 4.)  Defendants, having defaulted, have not provided any records or other evidence to rebut Plaintiff's recollection of events.

**Analysis**

In the following sections, the Court discusses the relevant legal principles and determines damages with reasonable certainty.

**A.     Default Judgment**

Upon entry of default, the Defendant is deemed to have admitted liability to the plaintiff.   *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). Accordingly, all the facts alleged in the complaint, except those relating to the amount of

4

damages, must be accepted as true.  *Finkel*, 577 F.3d at 84 (trial court is required to "accept all of [the plaintiff's] factual allegations as true and draw all reasonable inferences in its favor."); *Keystone Global LLC v. Auto Essentials, Inc.*, No. 12 Civ. 9077, 2015 WL 224359, at *3 (S.D.N.Y. Jan. 16, 2015) (same).  The court may also rely on factual allegations contained in affidavits and declarations submitted by the plaintiffs.  *See, e.g., Tamarin v. Adam Caterers, Inc.*, 13 F.3d 51, 54 (2d Cir. 1993); *Fustok*, 873 F.2d at 40. Nonetheless, a court "must still satisfy itself that the plaintiff has established a sound legal basis upon which liability may be imposed."  *SHLD, LLC v. Hall*, No. 15 Civ. 6225, 2017 WL 1428864, at *3 (S.D.N.Y. April 20, 2017) (quoting *Jemine v. Dennis*, 901 F. Supp. 2d 365, 373 (E.D.N.Y. 2012)); *accord Finkel*, 577 F.3d at 84.

Here, Plaintiff has sufficiently alleged, and thus established, requisite predicates to liability under the FLSA and NYLL, including that both defendants are deemed to have been Plaintiff's employer (Compl. ¶¶ 10-11), and SGHC was an enterprise with more than $500,000 in annual gross revenue.  (*Id.* ¶ 25.)  *See Quito v. Zheng*, 710 Fed. Appx. 28, 29 (2d Cir. 2019) (summary opinion) (describing FLSA enterprise requirement and citing 29 U.S.C. § 203(s)(1)(A)(ii)).  Defendants' liability for particular types of damages is discussed in later sections.

With respect to damages, a court, rather than accepting the allegations as true, "must instead conduct an inquiry to ascertain the amount of damages with reasonable certainty."  *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999); *see also Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012) (in an inquest following a default, "a plaintiff must . . . substantiate a claim with evidence to prove the extent of damages").  Establishing the appropriate amount of damages involves two steps: (1) "determining the proper rule for calculating damages on . . . a claim"; and

(2) "assessing plaintiff's evidence supporting the damages to be determined under this rule." *Credit Lyonnais*, 183 F.3d at 155.

Plaintiff bears the burden of proving his damages with reasonable certainty based on admissible evidence. *House v. Kent Worldwide Machine Works, Inc.*, 359 Fed. App'x. 206, 207 (2d Cir. 2010). In FLSA cases such as this, however, where the employer has not submitted time or pay records, the court may presume the employee's recollection of hours to be correct. *See, e.g.*, *Tho Dinh Tran v. Alphonse Hotel Corp.*, 281 F.3d 23, 31 (2d Cir. 2002) (The "employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable Inference.") (citations omitted); *Pelgrift v. 335 West 41st Tavern, Inc.,* No. 14 Civ. 8934, 2017 WL 4712482, at *8 (S.D.N.Y. Sept. 28, 2017) (plaintiff's recollection and estimate of hours worked presumed to be correct in absence of employer records); *Cao v. Chandara Corp.*, No. 00 Civ. 8057, 2001 WL 34366628, at *5 (S.D.N.Y. July 25, 2001) (same).

Plaintiff has carried that burden here. His recollection of the hours he worked each day are, by his own admission, hardly precise. (*See* Pl. Decl. II ¶ 4.) However, he has specified those facts of which he was certain for which he has a best estimate. Plaintiff easily could have increased the number of hours for which he claims overtime, but he did not. The number of hours he reports are credible. (*See, e.g., id.* ¶ 4(c) (estimating he worked a total of 44 overtime hours over a 12-week period).) There are no records or evidence from Defendants to rebut Plaintiff's recollection. Accordingly, the Court accepts Plaintiff's reported hours as sufficient to establish damages.

**B.    Statute of Limitations**

The statute of limitations is six years for claims under the NYLL, and three years

for claims under the FLSA if a defendant's acts are willful (and two years if they are not). 29 U.S.C. § 255(a); NYLL § 663(3); *see also Angamarca v. Pita Grill 7 Inc.*, No. 11 Civ. 7777, 2012 WL 3578781, at *4 (S.D.N.Y. Aug. 2, 2012).   The period for which Plaintiff seeks damages begins on January 22, 2018.   The Complaint was filed less than a year later on February 5, 2019.   Accordingly, the entirety of Plaintiff's damages claim falls within the statute of limitations of both the FLSA and NYLL.

## C.   Unpaid Wages and Overtime

For each week he worked for Defendants, Plaintiff claims he worked overtime for which he was not paid.   FLSA's overtime provision states that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."   29 U.S.C. § 207(a)(1); *see Lahcen v. Kiran Park Newsstand Inc.*, No. 11 Civ. 5998, 2014 WL 3887222, at *4 (S.D.N.Y. Aug. 7, 2014) (noting requirement to pay "time-and-a-half" for hours worked in excess of 40 each week); *Maldonado v. La Nueva Rampa, Inc.*, No. 10 Civ. 8195, 2012 WL 1669341, at *6 (S.D.N.Y. May 14, 2012) ("If an employee demonstrates that he has worked more than 40 hours per week, he is entitled to recover the overtime rate for any hours in excess of 40").   The same  standard applies under the NYLL.  *Nakahata v. New York-Presbyterian Healthcare System, Inc.,* 723 F.3d 192, 200 (2d Cir.2013) (citing 12 N.Y.C.R.R. § 142-2.2).

An employee's regular rate of pay "is determined by dividing [the employee's] total remuneration for employment . . . in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109.; *see Pineda v. Frisolino, Inc.*, No. 15-CV-3774, 2017 WL 3835882, at *10

(S.D.N.Y. Aug. 29, 2017) (reciting formula for regular rate of pay).  Where an employee, like Plaintiff, is paid a day rate, the regular rate of pay is calculated by "totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked."  29 C.F.R. § 778.112; *see, e.g., Chen v. JP Standard Construction Corp.*, No. 14 CV 1086, 2016 WL 2909966, at *10 (E.D.N.Y. March 18, 2016) (determining regular rate of pay to construction worker by totaling day rate for one week period and dividing by total number of hours worked per week); *Chun Jie Yin v. Kim*, No. 07 CV 1236, 2008 WL 906736, *6-7 (E.D.N.Y. April 1, 2008) (same).

Under the NYLL, however, the regular rate of pay is calculated "by dividing the employee's total weekly earnings, not including exclusions from the regular rate, by the *lesser* of 40 hours or the actual number of hours worked by that employee during the work week."  12 N.Y.C.R.R. § 146-3.5(b) (emphasis added).  "In actions to recover unpaid minimum wages and overtime pay under both the FLSA and the NYLL, Plaintiffs may recover under whichever statute provides the greater relief."[5]  *Pineda*, 2017 WL 3835882, at *11 (citations omitted); *see also Yu Wei Cao v. Miyama, Inc.*, No. 15 CV 0266, 2019 WL 4279407, at *9 (E.D.N.Y. Sept. 10, 2019) (quoting *Pineda*, 2017 WL 3835882, at *11). Here, the NYLL allows for the greater recovery because Plaintiff's regular rate of pay will be determined by dividing the weekly sum of his day rate by forty hours, rather than the number of hours he actually worked, which regularly exceeded forty.  Accordingly, the

---

[5] Under both the FLSA and NYLL, however, when a plaintiff's "regular hourly rate falls below minimum wage . . . the regular rate for purposes of calculating overtime is the relevant minimum wage." *Feng Chen v. Patel*, No. 16 Civ. 1130, 2019 WL 2763836, at *9 (S.D.N.Y. July 2, 2019); *see also Peralta v. M&O Iron Works, Inc.*, No. 12 CV 3179, 2014 WL 988835, at *7 (E.D.N.Y. March 12, 2014) (same).  Plaintiff's wages here well exceed the minimum wage for 2018, which was $12.00 per hour.  *See* NYLL § 652(1)(a)(ii) (setting minimum rate).

Court calculates damages pursuant to the NYLL.  *See Yu Wei Cao,* 2019 WL 4279407 at *9 (applying same analysis).

Plaintiff was paid a different fixed rate of pay for different time periods, and the number of hours he worked each period varied.  (*See* Pl. Decl. II ¶¶ 4(a) – (c).) Accordingly, the Court determines Plaintiff's regular rate of pay and amount of unpaid wages for the three time periods set forth by Plaintiff.

Period 1:  During the first two weeks of his employment, Plaintiff attests that he was supposed to be paid $200 for an eight-hour day or $1,000 for a 40-hour work week. (*Id.* ¶ 4(b).)  The resulting regular rate of pay is $25 per hour.  The corresponding overtime rate would have been 1.5 times that amount, or $37.50 per hour.  According to Plaintiff, he worked a total of 22 overtime hours during this period.  Multiplying those 22 hours by the overtime rate produces a total of $825 unpaid overtime for the first two-week period of Plaintiff's employment.

Period 2:  The second period spans twelve weeks.  (*Id.* ¶ 4(c).)  During this period, Plaintiff was supposed to be paid $220 per eight-hour day, or $1,100 for a 40-hour work week.  The resulting regular rate of pay is $27.50 per hour.  The corresponding overtime rate would have been 1.5 times that amount, or $41.25 per hour.  According to Plaintiff, he worked a total of 44 overtime hours during this period.  Multiplying those 44 hours by the overtime rate of $41.25, yields a total of $1,815 unpaid overtime for the second segment of his employment.

Period 3:  The third period comprises the last two weeks of Plaintiff's employment. Plaintiff claims he was not paid at all for those weeks.  (*Id.* ¶ 4(a).)  Accordingly, his recovery should include both his regular rate of pay for 40 hours each week plus the corresponding overtime rate for any overtime hours.  Plaintiff's rate of pay in this period

was the same as in the second period.  Accordingly, Plaintiff should have received $27.50 per hour for forty hours per week, and $41.25 per hour for any overtime hours.  Plaintiff attests that he worked sixty hours during one of these last two weeks and fifty hours during the other.  Plaintiff thus worked a total of 80 regular hours and 30 over time hours, which results in $2,200 unpaid regular rate pay ($27.50 x 80) and $1,237.50 unpaid overtime pay ($41.25 x 30), or a two-week total of $3,437.50.

Adding the three periods together yields a total of **$6,077.50** in unpaid wages that Plaintiff is entitled to recover as damages.[6]

## D.    Spread of Hours

New York's regulations implementing the NYLL require an additional hour's pay at the "basic minimum hourly wage rate" for any day where the employee works in excess of ten hours.  12 N.Y.C.R.R. § 142-2.4; *see Padermo v. 113-117 Realty, LLC*, No. 19 Civ. 8960, 2019 WL 6998621, at *6 (S.D.N.Y. Dec. 20, 2018) ("an employee must receive one additional hour of pay at the basic minimum hourly wage rate for each workday in which the spread of hours of the employee's workday exceeds ten hours") (internal quotations and citations omitted).

Plaintiff claims he is owed spread-of-hours pay but does not offer any calculation of that amount.  During the first two weeks of his employment, he claims to have worked 22 hours of overtime but does not indicate how many days he worked each week and does not provide any information confirming that he worked more than ten hours any one

---

[6] Plaintiff's Findings of Fact calculate unpaid regular wages of $4,785 and overtime wages of $2,446.88, for a total of $7,231.88.  (FF ¶ 15A-B.)  These numbers are not accurate insofar as it appears that Plaintiff double-counted regular hours (i.e., the calculations attribute the regular hourly rate of pay to all hours but do not account for that in calculating overtime pay).

day.  (Pl. Decl. II ¶ 4(b).)  Accordingly, the Court has no basis to award spread-of-hours pay for the first period of Plaintiff's employment.  As for the second period, Plaintiff claims to have worked a total of 44 overtime hours over fourteen weeks.  He does not say that he worked more than ten hours any day, and the average overtime per day is less than an hour a day.  (Pl. Decl. II ¶ 4(c).)  Accordingly, no spread-of-hours pay is due for the second period.  As for the last two weeks of his employment, Plaintiff attests to having worked ten hours a day each day.  He does not claim to have worked in excess of that amount.  (Pl. Decl. II ¶ 4(a).)  Accordingly, no spread-of-hours pay is due for the third period.  In short, Plaintiff is not entitled to any spread-of-hours damages.

**E.    Liquidated Damages**

Both the FLSA and the NYLL provide for liquidated damages.  Any employer who violates the minimum wage and overtime provisions of the FLSA is presumptively liable to the affected employees, in addition to back-pay, for 100% of the unpaid wages as liquidated damages.  29 U.S.C. § 216(b) ("Any employer who violates the provisions . . . of this title [relating to minimum wages and overtime compensation] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation . . . and in an additional equal amount as liquidated damages.").

The NYLL also provides for liquidated damages.  *Garcia v. Giorgio's Brick Oven & Wine Bar*, No. 11 Civ. 4689, 2012 WL 3339220, at *4 (S.D.N.Y. Aug. 15, 2012) ("Effective April 9, 2011, Sections 198(1-a) and 663(1) of the NYLL were amended to provide for liquidated damages equal to one-hundred percent of the amounts underpaid.").  Plaintiffs may recover liquidated damages for unpaid wages under either the FLSA or NYLL, whichever provides for a greater recovery.  *Morales v. Mw Bronx, Inc.*, No. 15 Civ. 6296,

2016 WL 4084159, at *10 (S.D.N.Y. Aug. 1, 2016).  However, they are not entitled to a double recovery of liquidated damages under both the FLSA and NYLL.  *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018) (per curiam) ("We therefore interpret the NYLL and FLSA as not allowing duplicative liquidated damages for the same course of conduct.").

An employer may avoid liquidated damages by demonstrating to the Court that it acted in good faith and had reasonable grounds for believing that its actions were lawful. *See* 29 U.S.C. §§ 216(b), 260.  As a result of Defendants' default in this action, the record is devoid of evidence of their good faith or reasonable belief.  *See Peralta v. M & O Iron Works, Inc.,* No. 12-CV-3179, 2014 WL 988835, at *10 (E.D.N.Y. Mar. 12, 2014) (making similar observation).  Accordingly, Plaintiff is entitled to liquidated damages.  As Plaintiff is only eligible for unpaid wages and overtime (not spread-of-hours damages), the amount of liquidated damages under either the FLSA or the NYLL is equal to 100% of the amount owed to Plaintiff, which, based on the above calculations, totals $6,077.50.  Liquidated damages therefore are also **$6,077.50**.

## F.   Non-Reimbursement for Materials of the Trade

Plaintiff contends that Defendants further violated the law by failing to reimburse him for expenses Plaintiff spent to purchase tools and materials.  An employee is entitled to recover costs incurred for purchasing job-related equipment when those costs cut into the employee's minimum or overtime wages.  *Gonzalez v. Masters Health Food Service Inc.*, No. 14 CV 7603, 2017 WL 3835960, *20 (S.D.N.Y. July 27, 2017); *see also* 29 C.F.R. § 531.35 (employees must be repaid for "tools of the trade which will be used in or are specifically required for the performance of the employer's particular work" to the extent "the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him"); *see also* 12 N.Y.C.R.R. § 146-2.7(c) **(**"If an employee

must spend money to carry out duties assigned by his or her employer, those expenses must not bring the employee's wage below the required minimum wage").

Plaintiff has submitted copies of records to support his claim that he spent $181.76 of his own money to purchase construction materials for his work with Defendants.  (Pl. Decl. I ¶ 3, Ex. A.)   Plaintiff was not compensated for these costs.  (FF ¶ 8.)   Records submitted by Plaintiff show that various amounts of money were spent at building supply stores on particular dates corresponding to the last two weeks of Plaintiff's employment, the same period Defendants failed to pay his wages.  (Pl. Decl. I, Ex. A.)  The records do not identify what specific materials were purchased or who purchased them.  The Court nevertheless credits Plaintiff's statement he paid for materials used on the job as other information evident from the records corroborates Plaintiff's account (e.g., dates corresponding to only the last two weeks of Plaintiff's employment; vendor from whom the materials were purchased).  Accordingly, Plaintiff is entitled to recover the **$181.76** he spent on materials of the trade for which he was not reimbursed.

Plaintiff treats these unreimbursed expenses as subject to liquidated damages, thus doubling the amount in calculating damages.  (FF ¶ 15(E).)  Tools-of-the-trade expenses, however, are a category unto themselves and not a component of unpaid wages.  Accordingly, the Court does not recommend awarding liquidated damages based on these expenses.  *See Cocoletzi v. Fat Sal's Pizza II, Corp.*, 2019 WL 92456, at *15, n.6 (S.D.N.Y. Jan. 3, 2019), report and recommendation adopted, 2019 WL 92456, at *1 (S.D.N.Y. Jan. 3, 2019) (declining to award liquidated damages for tools-of-the-trade expenses).

### G.    Wage Notices and Wage Statements

The NYLL requires employers to provide employees, at the time of hiring, with a

wage notice containing basic information such as rate of pay.  An employee who was not provided a wage notice within ten business days of the first day of employment can recover damages of $50 for each workday that a violation occurs or continues to occur, not to exceed $5,000.  NYLL § 198(1-b).

In addition to the wage notice requirement, the NYLL requires employers to give employees a wage statement with each payment of wages.  NYLL § 195(3).  Each wage statement must list, *inter alia*, the dates of work covered by that payment of wages, the employer's address and phone number, the applicable rate or rates of pay, applicable deductions, and any allowances claimed as part of the minimum wage.  *Id.*  An employee may recover $250 for each workday that a wage statement violation occurs or continues to occur, not to exceed $5,000. NYLL § 198(1–d).

Accordingly, where an employer fails to provide both wage statements and wage notices, an employee may recover a sum of not more than $10,000 in total.  *Java v. El Aguila Bar Restaurant Corp., et al.*, No. 16 Civ. 6691, 2018 WL 1953186, at *12-13 (S.D.N.Y. April 25, 2018); *Pastor v. Alice Cleaners, Inc.*, No. 16 Civ. 7264, 2017 WL 5625556, at *5 (S.D.N.Y. Nov. 21, 2017).

Here, Plaintiff has established that Defendant failed to provide him with both wage notices and wage statements.  Plaintiff worked for Defendants for sixteen weeks, or 112 days.  (FF ¶ 4.)  Because the statute provides up to ten days to provide a wage notice, the number of days for which a violation occurred here is 102 days.  At a statutory damages rate of $50 per day, the total comes to $5,100, which exceeds the statutory cap of $5,000.  Plaintiff thus should receive damages for wage notice violations of $5,000.

The same is true for wage statement violations.  Plaintiff was paid weekly.  A reasonable inference can be made that he did not receive his first paycheck until at least

14

the eighth day of work, at which point the violation continued through Plaintiff's employment.  The applicable number of days is therefore 104, as a result of which wage statement damages due Plaintiff exceed the statutory cap of $5,000 (104 x $250 = $26,000).  In sum, Plaintiff is entitled to $5,000 for violation of the wage notice requirement and $5,000 for violation of the wage statement requirement, for a total of $10,000.[7]

## H.    Attorneys' Fees

Plaintiff seeks an award of $51,960 in attorneys' fees for work performed on this matter.[8]  The FLSA and NYL both provide for an award of reasonable attorneys' fees and costs to a prevailing plaintiff in a wage-and-hour action.  29 U.S.C. § 216(b); NYLL § 198.  "Courts ordinarily award a lodestar fee, which is the product of the prevailing market rate for lawyers in the district and the number of hours a reasonable attorney would spend to litigate the case effectively."  *Tackie v. Keff Enterprises LLC*, No. 14 Civ. 2074, 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014).  An award of attorneys' fees should be based on the court's determination of a "presumptively reasonable fee."  *Sandoval v. Materia Bros. Inc.*, No. 11 Civ. 4250, 2013 WL 1767748, at *3 (S.D.N.Y. March 5, 2013) (quoting *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182, 189-90 (2d Cir. 2008)).  This fee is calculated by multiplying "a reasonable hourly rate by the reasonable number of hours expended on the case."  *Id.*

Determining a reasonable hourly rate involves "a case-specific inquiry into the

---

[7] Plaintiff's calculations of wage notice and statement damages incorrectly apply a total statutory rate of $100 per week for a total of $1,600.  (FF ¶ 15(D).)

[8] $2,500 of this amount is for estimated fees associated with additional work on the case since filing of Plaintiff's initial inquest submission.  (FF ¶ 15(H).)  The Court finds this estimate fair and reasonable with respect to the time represented by that figure.  As explained below, however, the overall amount is far from reasonable given counsel's billing rate.

prevailing market rates for counsel of similar experience and skill to the fee applicant's counsel," which may include "judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates prevailing in the district." *Farbotko v. Clinton County*, 433 F.3d 204, 209 (2d Cir. 2005). The hourly rates must be "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Reiter v. MTA New York City Transit Authority*, 457 F.3d 224, 232 (2d Cir. 2006) (alteration in original) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)); *see also Simmons v. New York City Transit Authority*, 575 F.3d 170, 174 (2d Cir. 2009) (same).

Here, the Southern District of New York is the relevant community. The range of fees for wage and hour cases of this type typically run between $250 and $450, with different courts endorsing slightly different ranges. *See, e.g.*, *Shanfa Li v. Chinatown Take-Out Inc.,* No. 16 Civ. 7787, 2019 WL 3715086, at *6 (S.D.N.Y. Aug. 7, 2019) ("Experienced litigators and partners are commonly awarded between $300 and $400 per hour in FLSA cases within the Southern District of New York"); *Bisono v. TDL Restoration, Inc.*, No. 17 Civ. 9431, 2019 WL 4733599, at *2 (S.D.N.Y. Sept. 27, 2019) (same); *Villar v. Prana Hospitality, Inc.*, No. 14 Civ. 8211, 2019 WL 1387412, at *10-11 (S.D.N.Y. Feb. 4, 2019), report and recommendation adopted, No. 14 Civ. 8211, 2019 WL 1382803 (S.D.N.Y. March 27, 2019) (approving respective hourly fees of $350/hour and $450/hour for two attorneys on FLSA matter).

After establishing the appropriate hourly rate, a court must determine how much time was reasonably expended in order to arrive at the presumptively reasonable fee. "The relevant issue . . . is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney

16

would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992); *Mugavero v. Arms Acres, Inc.*, No. 03 Civ. 5724, 2010 WL 451045, at *6 (S.D.N.Y. Feb. 9, 2010) (same).   A court should exclude from the lodestar calculation "excessive, redundant or otherwise unnecessary hours." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999); *see also*, *Luciano v. Olsten Corp.*, 109 F.3d 111, 116 (2d Cir. 1997) ("If the district court concludes that any expenditure of time was unreasonable, it should exclude these hours from the lodestar calculation").

In support of the application for attorneys' fees, Plaintiff's counsel submits a log of billing entries, all of which, save one entry, are for the same attorney, Blaine Bortnick. (Bortnick Decl. ¶ 9 and Ex. D.)  Mr. Bortnick does not describe his experience other than to say that he has been admitted to the New York State bar for 29 years.  (*Id.* ¶ 9.)  Nothing in Plaintiff's submission identifies or provides any information about the lawyer associated the one entry that is not attributed to Mr. Bortnick.

The total attorney time expended on this matter total 60.85 hours, 60.45 of which were attributed to Mr. Bortnick.  (*Id.* Ex. D.)  This Court has examined the time entries submitted.  The tasks performed as reflected in the billing records are of the nature and type that would be expected for a wage-and-hour action such as this one.  Further, the Court's review of the time records did not reveal entries that appeared duplicative or unnecessary.

Counsel's billing rates, however, are far beyond the range of reasonable and customary rates in this District for this type of work.  Mr. Bortnick's billing rate is $850 per hour, more than twice the middle of the customary range in this District, and $400 above the customary high of the range.  Moreover, it is not reasonable for someone in Mr. Bortnick's position, a firm partner charging a premium billing rate, to have performed

virtually every task rather than assign work appropriate for more junior personnel.  The one lone entry for a task performed by another individual at a billing rate of $150 per hour, proves the point.

Downward adjustment also is warranted given the relatively straight-forward nature of this case, the absence of opposition, and lack of complexity.  Taking all these factors together – excessive billing rate, inefficient allocation of work, and absence of opposition in a garden variety wage and hour case – the Court finds that the attorney billing rates should be reduced considerably.  The Court finds that applying a reduction of 65 percent will bring the fees to a reasonable amount.  Doing so results in total reasonable fees of **$18,186**.

## I.    Costs and Disbursements

Awarding costs and disbursements is authorized by the FLSA and the NYLL.  29 U.S.C. § 216(b); NYLL § 198.  Such costs should only be awarded, however, when they are tied to "identifiable, out-of-pocket disbursements."  *Jemine*, 901 F. Supp. 2d at 394; *see also Castellanos v. Mid Bronx Community Housing Management Corp.*, No. 13 Civ. 3061, 2014 WL 2624759, at *8 (S.D.N.Y. June 10, 2014) (same); *Angamarca*, 2012 WL 3578781 at *14 (approving court filing fee and $600 in service of process fees for default judgment in FLSA and NYLL case); *Kahlil v. Original Old Homestead Restaurant, Inc.,* 657 F. Supp. 2d 470, 478 (S.D.N.Y.2009) ("Fee awards include reasonable out-of- pocket expenses incurred by attorneys and ordinarily charged to their clients.") (internal quotations and citations omitted); *Ming Hui v. Shorty's Seafood Corp.*, No. 15 CV 7295, 2017 WL 5054401, at *13 (E.D.N.Y. Sept. 6, 2017), report and recommendation adopted, No. 15 CV 7295, 2017 WL 5125527 (E.D.N.Y. Nov. 2, 2017) (describing court filing fees and service of process fees as "routinely recoverable" in wage-and-hour cases).

Counsel's submission sets forth an itemized list of costs in the amount of $1,016.33 for items such as the Court's filing fee and process server fees.  (Bortnick Decl. Ex. D.) The Court finds these costs to be fair and reasonable, and accordingly recommends an award of costs and disbursements in the total amount of **$1,016.33**.

**J.      Pre-Judgment Interest**

Under the FLSA, awards of federal liquidated damages serve as a form of compensatory pre-judgment interest.   *See, e.g.*, *Cesario v. BNI Construction, Inc.*, No. 07 Civ. 8545, 2008 WL 5210209, at *6 (S.D.N.Y. Dec. 15, 2008), report and recommendation adopted, No. 07 Civ. 8545, 2009 WL 424136 (S.D.N.Y. Feb. 19, 2009) (calculating prejudgment interest on default judgment on FLSA overtime wages); *Galeana v. Lemongrass on Broadway Corp.*, 120 F. Supp. 3d 306, 321 (S.D.N.Y. 2014) (awarding pre-judgment interest on unpaid minimum wages, spread of hours, and overtime); *see also Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 261 (S.D.N.Y. 2008).  For that reason, a plaintiff who receives FLSA liquidated damages may not also receive pre-judgment interest.  *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1064 (2d Cir.1988) ("It is well settled that in an action for violations of the Fair Labor Standards Act prejudgment interest may not be awarded in addition to liquidated damages."); *Galeana*, 120 F. Supp. 3d at 321 (same).

In contrast, liquidated damages under the NYLL are considered punitive in nature, thus enabling a plaintiff to recover both liquidated damages and pre-judgment interest. *Yu G. Ke,* 595 F. Supp. 2d at 262 (quoting *Reilly v. NatWest Markets Group, Inc.*, 181 F.3d 253, 265 (2d Cir.1999)); *Ting Yao Lin v. Hayashi Ya II, Inc.*, No. 08 Civ. 6071, 2009 WL 289653, at *7 (S.D.N.Y. Jan. 30, 2009), report and recommendation adopted sub nom, *Yao Lin v. Hayashi Ya II, Inc.*, No. 08 Civ. 6071, 2009 WL 513371 (S.D.N.Y. Feb.

27, 2009) ("The Second Circuit has held that where a plaintiff is awarded liquidated damages under New York Labor Law, pre-judgment interest . . . is appropriate."). Accordingly, Plaintiff here is eligible to recover pre-judgment interest on his NYLL claims. *See, e.g.*, *Gurung v. Malhotra*, 851 F. Supp. 2d 583, 594 (S.D.N.Y. 2012) (applying pre-judgment rate only to NYLL claims); *Santillan v. Henao*, 822 F. Supp. 2d 284, 298 (E.D.N.Y. 2011) (same).

Pre-judgment interest under New York law for unpaid wages is calculated at a rate of 9% per annum.  N.Y. C.P.L.R. § 5004.  To determine the time period for application of that rate, interest may be calculated from "the earliest ascertainable date the cause of action existed."  N.Y. C.P.L.R. § 5001(b).  However, where, as here, "damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date."  *Id.*  To that end, courts have "wide discretion in determining a reasonable date from which to award pre-judgment interest."  *Conway v. Icahn & Co.*, 16 F.3d 504, 512 (2d Cir.1994) (citing C.P.L.R. § 5001(b).  Accordingly, the Clerk should enter judgment using the median-date method, with a median date of March 2, 2018 to the date of entry, at a rate of 9%, on the total amount of **$6,259.26** consisting of $6,077.50 in unpaid wages and $181.76 in unreimbursed payment for materials of the trade.

**K.      Summary of Damages, Fees and Costs**

Plaintiff is entitled to recover his unpaid wages, liquidated damages, damages for non-reimbursement of materials of the trade, damages for violations of wage notice and statement requirements, attorneys' fees, costs, and pre-judgment interest in the following amounts:

| Unpaid Wages | $6,077.50 |
|---|---|
| Liquidated Damages | $6,077.50 |
| Unreimbursed Materials | $181.76 |
| Notice/Statement Violations | $10,000 |
| Attorneys' Fees | $18,186 |
| Costs and Disbursements | $1,016.33 |
| Pre-Judgment Interest on Unpaid Wages | To Be Determined by Clerk |

## Conclusion

For the foregoing reasons, I recommend awarding Plaintiff damages of **$22,336.76**, attorneys' fees and costs in the amount of **$19,202.33**, and pre-judgment interest as calculated by the Clerk of Court pursuant to the formula prescribed above. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the Chambers of the Honorable Paul G. Gardephe, U.S.D.J., United States Courthouse, 40 Foley Square, New York, NY 10007 and to the Chambers of the undersigned, United States Courthouse, 500 Pearl Street, New York, New York 10007. **Failure to file timely objections will preclude appellate review.**

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:      March 31, 2020
            New York, New York

21

Copies transmitted to all counsel of record and mailed to:

S.H. General Contracting, LLC
P.O. Box 508
Westbury, New York 11590

Samir Hoti
460 East 115th Street, Apt. 3-R
New York, New York 10029