UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ZAIM ASLLANI,

               Plaintiff,

      - against -

SAMIR HOTI and S.H. GENERAL
CONTRACTING, LLC, (d/b/a S_H
GENERAL CONTRACTING CORP.)

             Defendants.

**<u>ORDER</u>**

19 Civ. 1106 (PGG) (RWL)

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Zaim Asllani brings this action against Defendants Samir Hoti and S.H. General Contracting LLC for violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (Cmplt. (Dkt. No. 1)) This Court entered an Order of Default against Defendants and referred the case to Magistrate Judge Robert Lehrburger for an inquest into damages. (Dkt. No. 28) Judge Lehrburger issued a Report and Recommendation ("R&R") in which he recommends that Plaintiff be awarded $22,336.76 in damages, $18,186 in attorneys' fees, and $1,016.33 in costs. (R&R (Dkt. No. 42)) For the reasons stated below, the R&R will be adopted in its entirety.

## BACKGROUND

### I.   FACTS[1]

From January 22, 2018 to May 11, 2018, Plaintiff worked for Defendant S.H. General Contracting, LLC ("SHGC") as a construction worker and laborer.  (Proposed Findings of Fact and Conclusions of Law ("FF") (Dkt. No. 39) ¶¶ 1, 4)  Defendant Samir Hoti is the sole owner of SHGC, and he was responsible for compensating workers and setting their schedules.  (Id. ¶ 2)

For the first two weeks of his employment (from January 22 to February 4, 2018), Plaintiff was supposed to be paid $200 for eight hours of work, five days per week.  (FF (Dkt. No. 39) ¶ 6; Pltf. Decl. (Dkt. No. 24) ¶ 4)  During this period, however, Plaintiff worked 22 hours of overtime for which he was not compensated.  (Pltf. Decl. (Dkt. No. 40) ¶ 4(b))

For the next 12 weeks (from February 5 to April 28, 2018), Plaintiff was supposed to be paid $220 per eight-hour day.  (Id. ¶ 4(c))  During this period, Plaintiff worked 44 hours of overtime for which he was not compensated.  (Id.)

For the last two weeks of his employment (from April 29 to May 11, 2018), Plaintiff's rate of pay was the same:  $220 per eight-hour day.  (Pltf. Decl. (Dkt. No. 24) ¶ 4)  During the first week, Plaintiff worked 10 hours per day for six days and, during the second week, he worked 10 hours per day for five days.  (Pltf. Decl. (Dkt. No. 40) ¶ 4(a))  Defendants did not pay him at all for these hours.  (Id.)

---

[1]  The parties have not objected to Judge Lehrburger's recitation of the alleged facts. Accordingly, this Court adopts his account of the alleged facts in full.  See Silverman v. 3D Total Solutions, Inc., No. 18 CIV. 10231 (AT), 2020 WL 1285049 (S.D.N.Y. Mar. 18, 2020) ("Because the parties have not objected to the R&R's characterization of the background facts . . . , the Court adopts the R&R's 'Background' section and takes the facts characterized therein as true.").

In total, Defendants failed to Plaintiff for (1) 22 hours of overtime for the first two weeks of his employment; (2) 44 hours of overtime for the next 12 weeks of Plaintiff's employment; and (3) 80 regular hours and 30 overtime hours for the last two weeks of his employment.  (R&R (Dkt. No. 42) at 9-10)

Plaintiff also spent $181.76 on construction materials for which he was not reimbursed.  (FF (Dkt. No. 39) ¶ 9; Pltf. Decl. (Dkt. No. 40) ¶ 3)

Finally, Defendants never provided Plaintiff with wage notices or wage statements.  (FF (Dkt. No. 39) ¶¶ 10, 11)

## II.   PROCEDURAL HISTORY

The Complaint was filed on February 5, 2019, and asserts wage-and-hour violations under the FLSA and NYLL.  (Cmplt. (Dkt. No. 1))  SHGC was served on April 2, 2019 (Dkt. No. 10), and Hoti was served on April 3, 2019.  (Dkt. No. 11)  Defendants never responded to the Complaint or otherwise appeared in this action.

On October 10, 2019, the Clerk of Court entered a certificate of default against each defendant.  (Dkt. Nos. 19, 20)  Plaintiff moved for a default judgment and on November 15, 2019, the Court ordered Defendants to show cause – at a hearing scheduled for December 12, 2019 – why a default judgment should not be entered.  (Dkt. No. 22)  Despite being served with the order scheduling the hearing (Dkt. No. 27), Defendants did not appear on December 12, 2019.  (Dkt. No. 28)  That day, the Court issued an Order of Default against Defendants and referred this case to Judge Lehrburger for an inquest on damages.  (Id.)

On March 31, 2020, Judge Lehrburger issued a 22-page R&R in which he recommends that Plaintiff be awarded $22,336.76 in damages and $19,202.33 in attorneys' fees and costs.  (R&R (Dkt. No. 42) at 21)  In the R&R, Judge Lehrburger notifies the parties that

3

they have 14 days from service of the R&R to file any objections, and warns that the "**[f]ailure to file timely objections will preclude appellate review**."  (Id.) (emphasis in original)  Neither side has objected to the R&R.

## DISCUSSION

I.       **LEGAL STANDARD**

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  Where a timely objection has been made to the magistrate judge's recommendations, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Where, as here, neither side objects to a magistrate judge's R&R – despite clear warning that a failure to file objections will result in a waiver of judicial review – judicial review has been waived.  See Thomas v. Arn, 474 U.S. 140, 147-48 (1985); see also Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))); see also Spence v. Superintendent, Great Meadow Correctional Facility, 219 F.3d 162, 174 (2d Cir. 2000) ("Failure to timely object to a report generally waives any further judicial review of the findings contained in the report.").  This Court has nonetheless reviewed the R&R for clear error and, as explained below, finds no error – clear or otherwise – in Judge Lehrburger's findings.

II.     **ANALYSIS**

   A.      **Unpaid Regular and Overtime Wages**

            As the R&R notes, "'[i]n actions to recover unpaid minimum wages and overtime

pay under both the FLSA and the NYLL, Plaintiffs may recover under whichever statute

provides the greater relief.'"  (R&R (Dkt. No. 42) at 8 (quoting Pineda v. Frisolino, Inc., No. 15-

CV-3774, 2017 WL 3835882, at *11 (S.D.N.Y. Aug. 29, 2017)))  Under the NYLL, which

"allows for the greater recovery" here, the regular rate of pay is calculated "'by dividing the

employee's total weekly earnings . . . by the lesser of 40 hours or the actual number of hours

worked by that employee during the work week.'"  (Id. (quoting 12 N.Y.C.R.R. § 146-3.5(b))

            Following this method, Judge Lehrburger calculates Plaintiff's regular wage as

$25.00 per hour for the first two weeks of his employment and $27.50 per hour for the remainder

of his employment.  (Id. at 9)  Under the NYLL, overtime wages must be at least 1.5 times the

regular wage.  (Id. at 7)  Judge Lehrburger therefore finds that Plaintiff's overtime hourly rate is

$37.50 ($25.00 x 1.5) for the first two weeks and $41.25 ($27.50 x 1.5) for the remainder of his

employment.  (Id. at 9)

            Applying these rates to the hours that Plaintiff worked, Judge Lehrburger

calculates that Plaintiff is owed $825 in overtime wages ($37.50 x 22) for the first two weeks of

his employment, $1,815 in overtime wages ($41.25 x 44) for the next 12 weeks, and $2,200 in

regular wages ($27.50 x 80) and $1,237.50 in overtime wages ($41.25 x 30) for the final two

weeks, for a total of $6,077.50 in unpaid wages.  (Id. at 9-10)

            The Court finds no error – let alone clear error – in Judge Lehrburger's findings.

Plaintiff will be awarded $6,077.50 in unpaid wages.

**B.**     **Spread of Hours**

As the R&R states, "New York's regulations . . . require an additional hour's pay

at the 'basic minimum hourly wage rate' for any day where the employee works in excess of ten

hours."  (Id. at 10 (quoting 12 N.Y.C.R.R. § 142-2.4) (citing Padermo v. 113-117 Realty, LLC,

No. 19 Civ. 8960, 2019 WL 6998621, at *6 (S.D.N.Y. Dec. 20, 2018) ("an employee must

receive one additional hour of pay at the basic minimum hourly wage rate for each workday in

which the spread of hours of the employee's workday exceeds ten hours") (internal quotations

and citations omitted)))

Here, Judge Lehrburger found that no spread-of-hours payment is due, reasoning

as follows:

> Plaintiff claims he is owed spread-of-hours pay but does not offer any calculation
> of that amount.  During the first two weeks of his employment, he claims to have
> worked 22 hours of overtime but does not indicate how many days he worked
> each week and does not provide any information confirming that he worked more
> than ten hours any one day. . . . Accordingly, the Court has no basis to award
> spread-of-hours pay for [this] period of Plaintiff's employment.  As for the [next
> twelve weeks], Plaintiff claims to have worked a total of 44 overtime hours over
> fourteen weeks.  He does not say that he worked more than ten hours any day, and
> the average overtime per day is less than an hour a day. . . . Accordingly, no
> spread-of-hours pay is due for [this] period.  As for the last two weeks of his
> employment, Plaintiff attests to having worked ten hours a day each day.  He does
> not claim to have worked in excess of that amount. . . . In short, Plaintiff is not
> entitled to any spread-of-hours damages.

(Id. at 10-11)

The Court finds no clear error in Judge Lehrburger's analysis and, accordingly,

will not award damages for any spread-of-hour violations.

**C.**     **Liquidated Damages**

The R&R notes that both the "FLSA and the NYLL provide for liquidated

damages," and that "the amount of liquidated damages under either the FLSA or the NYLL is

equal to 100% of the amount owed to Plaintiff." (Id. at 11-12) see Wing Chan v. Xifu Food, Inc., No. 18-CV-5445 (ARR) (RML), 2020 WL 5027861, at *8 (E.D.N.Y. Aug. 5, 2020), report and recommendation adopted, 2020 WL 5027147 (E.D.N.Y. Aug. 25, 2020) ("The FLSA and NYLL each allow for liquidated damages awards equaling one hundred percent of the wages due.") (citing 29 U.S.C. § 260; NYLL § 663(1)).  A plaintiff is "not entitled to a double recovery of liquidated damages under both the FLSA and NYLL," however.  (R&R (Dkt. No. 42) at 12 (citing Rana v. Islam, 887 F.3d 118, 123 (2d Cir. 2018) (per curiam) ("We therefore interpret the NYLL and FLSA as not allowing duplicative liquidated damages for the same course of conduct.")))  An employer can avoid an award of liquidated damages by demonstrating that it "acted in good faith and had reasonable grounds for believing that its actions were lawful." (Id. at 12 (citing 29 U.S.C. §§ 216(b), 260))

Given Defendants' default, there is no evidence that they acted in good faith. Accordingly, Judge Lehrburger recommends that Plaintiff be awarded liquidated damages.  (Id. (citing Peralta v. M & O Iron Works, Inc., No. 12-CV-3179, 2014 WL 988835, at *10 (E.D.N.Y. Mar. 12, 2014)))  Because Plaintiff is entitled to $6,077.50 in unpaid wages, Judge Lehrburger concludes that Plaintiff should be awarded $6,077.50 in liquidated damages.  (Id.)

The Court finds no error in Judge Lehrburger's analysis, and Plaintiff will be awarded $6,077.50 in liquidated damages.

### D.    Tools of the Trade

As Judge Lehrburger notes, an "employee is entitled to recover costs incurred for purchasing job-related equipment when those costs cut into the employee's minimum or overtime wages."  (Id. (citing Gonzalez v. Masters Health Food Service Inc., No. 14 CV 7603, 2017 WL 3835960, *20 (S.D.N.Y. July 27, 2017); 29 C.F.R. § 531.35; 12 N.Y.C.R.R. § 146-

2.7(c)))

Judge Lehrburger notes that Plaintiff "submitted copies of records to support his claim that he spent $181.76 of his own money to purchase construction materials for his work with Defendants." (<u>Id.</u> at 13) Judge Lehrburger concludes that Plaintiff is "entitled to recover" for these unreimbursed expenses. (<u>Id.</u>) Judge Lehrburger rejects Plaintiff's request for an award of liquidated damages premised on these unreimbursed expenses, however, noting that "[t]ools-of-the-trade expenses . . . are a category unto themselves and not a component of unpaid wages." (<u>Id.</u>)

The Court finds no clear error in Judge Lehrburger's analysis, and will award Plaintiff $181.76 for tools-of-the-trade expenses.

       E.      <u>**Wage Notice and Wage Statement Violations**</u>

As stated in the R&R, the "NYLL requires employers to provide employees, at the time of hiring, with a wage notice containing basic information such as rate of pay." (<u>Id.</u> at 13-14) "An employee who was not provided a wage notice within ten business days of the first day of employment can recover damages of $50 for each workday that a violation occurs or continues to occur, not to exceed $5,000." (<u>Id.</u> at 14 (citing NYLL § 198(1-b)))

The NYLL also "requires employers to give employees a wage statement with each payment of wages." (<u>Id.</u> (citing NYLL § 195(3)) "Each wage statement must list, <u>inter alia</u>, the dates of work covered by that payment of wages, the employer's address and phone number, the applicable rate or rates of pay, applicable deductions, and any allowances claimed as part of the minimum wage." (<u>Id.</u> (citing NYLL § 195(3)) "An employee may recover $250 for each workday that a wage statement violation occurs or continues to occur, not to exceed $5,000." (<u>Id.</u> (citing NYLL § 198(1-d)))

In short, "where an employer fails to provide both wage statements and wage notices, an employee may recover a sum of not more than $10,000 in total."  (Id. (citing Java v. El Aguila Bar Restaurant Corp., et al., No. 16 Civ. 6691, 2018 WL 1953186, at *12-13 (S.D.N.Y. April 25, 2018); Pastor v. Alice Cleaners, Inc., No. 16 Civ. 7264, 2017 WL 5625556, at *5 (S.D.N.Y. Nov. 21, 2017)))

Judge Lehrburger concludes that Plaintiff is entitled to $10,000 for Defendants' wage notice and wage statement violations:

> Plaintiff has established that Defendant failed to provide him with both wage notices and wage statements.  Plaintiff worked for Defendants for sixteen weeks, or 112 days. . . . Because the statute provides up to ten days to provide a wage notice, the number of days for which a violation occurred here is 102 days.  At a statutory damages rate of $50 per day, the total comes to $5,100, which exceeds the statutory cap of $5,000.  Plaintiff thus should receive damages for wage notice violations of $5,000.
>
> The same is true for wage statement violations.  Plaintiff was paid weekly.  A reasonable inference can be made that he did not receive his first paycheck until at least the eighth day of work, at which point the violation continued through Plaintiff's employment.  The applicable number of days is therefore 104, as a result of which wage statement damages due Plaintiff exceed the statutory cap of $5,000 (104 x $250 = $26,000).  In sum, Plaintiff is entitled to $5,000 for violation of the wage notice requirement and $5,000 for violation of the wage statement requirement, for a total of $10,000.

(Id. at 14-15)  The Court finds no clear error in this analysis and, accordingly, will award Plaintiff $5,000 for wage notice violations and $5,000 for wage statement violations.

## F.    Attorney's Fee Award

Both the FLSA and NYL allow prevailing plaintiffs to recover attorneys' fees. (Id. at 15 (citing 29 U.S.C. § 216(b); NYLL § 198))  "Courts ordinarily award a lodestar fee, which is the product of the prevailing market rate for lawyers in the district and the number of hours a reasonable attorney would spend to litigate the case effectively."  Tackie v. Keff Enterprises LLC, No. 14-CV-2074 (JPO), 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014).

Here, Plaintiff requests $51,960 in fees for 60.85 hours of work.  Of this time, 60.45 hours is attributed to Blaine Bortnick.  (R&R (Dkt. No. 42) at 15, 17)  Judge Lehrburger finds that "Bortnick's billing rate [of] $850 per hour" is excessive.  (Id. at 16-17 (citing Shanfa Li v. Chinatown Take-Out Inc., No. 16 Civ. 7787, 2019 WL 3715086, at *6 (S.D.N.Y. Aug. 7, 2019) ("Experienced litigators and partners are commonly awarded between $300 and $400 per hour in FLSA cases within the Southern District of New York")))  The R&R also notes that "it is not reasonable for someone in Mr. Bortnick's position, a firm partner charging a premium billing rate, to have performed virtually every task rather than assign work appropriate for more junior personnel."  (Id. at 17-18)  A "[d]ownward adjustment" is also warranted given the "straight-forward nature of this case."  (Id. at 18)  "Taking all these factors together," Judge Lehrburger concludes that a 65 percent reduction in the requested fee award is appropriate, resulting in a recommended attorneys' fee award of $18,186.  (Id.)

The Court agrees with Judge Lehrburger's analysis and will award Plaintiff $18,186 in attorneys' fees.

###     G.     Costs and Disbursements

As the R&R states, reimbursement for costs and disbursements is available under the FLSA and the NYLL.  (Id. (citing 29 U.S.C. § 216(b); NYLL § 198))  "Such costs should only be awarded, however, when they are tied to 'identifiable, out-of-pocket disbursements.'" (Id. (citing Jemine v. Dennis, 901 F. Supp. 2d 365, 394 (E.D.N.Y. 2012); Castellanos v. Mid Bronx Community Housing Management Corp., No. 13 Civ. 3061, 2014 WL 2624759, at *8 (S.D.N.Y. June 10, 2014)))

Here, Plaintiff's counsel submitted an "itemized list of costs in the amount of $1,016.33 for items such as the Court's filing fee and process server fees."  (Id. at 19)  Judge

Lehrburger concludes that Plaintiff's application for costs is "fair and reasonable" and recommends that the entire amount requested be awarded.  The Court agrees with Judge Lehrburger and will award Plaintiff $1,016.33 in costs.  (Id.)

### H.    Pre-Judgment Interest

As Judge Lehrburger observes, under the FLSA, "awards of federal liquidated damages serve as a form of compensatory pre-judgment interest."  (Id.)  Thus, "a plaintiff who receives FLSA liquidated damages may not also receive pre-judgment interest."  (Id. (citing Brock v. Superior Care, Inc., 840 F.2d 1054, 1064 (2d Cir.1988) ("It is well settled that in an action for violations of the Fair Labor Standards Act prejudgment interest may not be awarded in addition to liquidated damages.")))  "In contrast, liquidated damages under the NYLL are considered punitive in nature, thus enabling a plaintiff to recover both liquidated damages and pre-judgment interest."  (Id. at 19-20 (citing Ting Yao Lin v. Hayashi Ya II, Inc., No. 08 Civ. 6071, 2009 WL 289653, at *7 (S.D.N.Y. Jan. 30, 2009), report and recommendation adopted sub nom., Yao Lin v. Hayashi Ya II, Inc., 2009 WL 513371 (S.D.N.Y. Feb. 27, 2009) ("The Second Circuit has held that where a plaintiff is awarded liquidated damages under New York Labor Law, pre-judgment interest . . . is appropriate.")))

Accordingly, Judge Lehrburger concludes that Plaintiff is entitled to pre-judgment interest under the NYLL, which is "calculated at a rate of 9% per annum."  (Id. at 20 (citing N.Y. C.P.L.R. § 5004))  The R&R recommends that pre-judgment interest be awarded from March 2, 2018 – the "median date" on which the wage-and-hour violations occurred – on the principal amount of $6,259.26 ($6,077.50 in unpaid wages and $181.76 for tools-of-the-trade expenses). (Id.) see Jianmin Jin v. Shanghai Original, Inc., No. 16-CV-5633 (ARR) (JO), 2019 WL 3244187, at *6 (E.D.N.Y. July 19, 2019) ("While courts have discretion in determining a

reasonable date from which to award prejudgment interest, a single reasonable intermediate date is the median date between the earliest and latest each Plaintiffs' NYLL claim accrued.") (internal quotation marks and alterations omitted).

The Court finds no error in Judge Lehrburger's analysis with respect to pre-judgment interest and adopts his recommendation in full.

## CONCLUSION

For the reasons set forth above, the R&R (Dkt. No. 42) is adopted in its entirety. Plaintiff is awarded (1) $22,336.76 in damages, comprised of $6,077.50 in unpaid wages, $6,077.50 in liquidated damages, $181.76 in unreimbursed tools-of-the-trade expenses, and $10,000 for wage notice and wage statement violations; (2) $18,186 in attorneys' fees and $1,016.33 in costs; and (3) pre-judgment interest at a rate of nine percent per annum on the principal amount of $6,259.26 from March 2, 2018, to the date of entry of final judgment.  The Clerk of Court is directed to enter judgment and to close this case.

Dated: New York, New York
      September 10, 2020

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge